■ PHILIP KUMMER, Doing Business as CENTRE MANOR NURSING HOME, Petitioner, v. HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the respondent State Commissioner of Social Services, dated December 18, 1972, which, with respect to petitioner's nursing home at 319 Centre Street, City of New Rochelle, and after a hearing, refused to grant petitioner "a waiver of the relevant provisions of the Life Safety Code of the National Fire Protection Association (21st Ed., 1967)" and to certify petitioner "as a provider of skilled nursing home care" under the State "Medicaid" program established under title XIX of the Federal Social Security Act (U. S. Code, tit. 42, § 1396a et seq.). Determination annulled, on the law, without costs, and the respondent State Commissioner of Social Services is directed to issue a conditional waiver to and a certification of petitioner as a provider of skilled nursing home care. The condition of the waiver shall be that within four months after issuance of the waiver petitioner shall extend the automatic sprinkler system currently existing in the 15-bed original building of the multiple building unit, so that the sprinkler system shall extend throughout the original building, including patient bedrooms, and shall be in compliance with the requirements of the Life Safety Code (see section 10-234 thereof). Petitioner is the proprietor of one of the "Maxwell"

nursing homes (*Maxwell* v. *Wyman*, 458 F. 2d 1146) which were originally decertified by the State Department of Social Services at the end of 1971 for failure to comply with the requirements of the Life Safety Code of the National Fire Protection Association as required by title XIX of the Social Security Act (U. S. Code tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subd. cl. [i]; Code of Fed. Reg., tit. 45, § 249.33, subd. [a], par. [1], cl. [vii]). (See *Matter of Maxwell* v. *Lavine,* 41 A D 2d 346.) By Federal court action, however, these decertifications were stayed pending hearings concerning whether a waiver of the applicable sections of the Life Safety Code should be granted (*Maxwell* v. *Wyman, supra*). Waiver is allowed where unreasonable hardship is shown and the waiver will not adversely affect the health and safety of the patients (U. S. Code, tit. 42, § 1396a, subd. [a], par. [28], cl. [F], subcl. [i]). The subject 70-bed nursing home consists of five units. The first unit was constructed prior to 1953, is of "ordinary type" construction (brick exterior walls and wood structural members in the interior), contains 15 beds and has an automatic heat detection system. It also has an automatic sprinkler system in the corridors, kitchen, basement and stairs. The alarm is coded, i.e., it alerts the New Rochelle Fire Department that the emergency is at an institution and that extra equipment is needed. The Fire Department's response time is about one minute. Petitioner adduced extensive evidence of other fire protection measures. The other four units of the home were constructed between 1953 and 1966 and are fire resistive. Thus, 55 of the home's beds are in the fire resistive additions, although the dining and recreation facilities are in the original building. Petitioner expressed willingness to extend the sprinkler system so that it would operate in all parts of the original building. We are of the opinion that petitioner was required to have an automatic sprinkler system throughout the entire original building and that the original building thus violates sections 10-1322 and 10-2341 of the Life Safety Code. However, on the unique fire-protection facts present in this case, particularly the fact that 55 of the patients are housed in four fire-resistive units and that decertification based on defects in the 15-bed unit would decertify the entire facility, the determination to decertify petitioner and not to issue a conditional waiver was not founded on substantial evidence and should be annulled and a waiver should issue on the above-specified condition. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.